Dear Rep. Harrison:
Your request for an Attorney General's Opinion has been assigned to me for research and reply. You have asked for our opinion on a matter related to Louisiana Constitution Article VII, Section 2.1.
According to your opinion request, the Louisiana Public Service Commission ("Commission") has adopted an order requiring individuals to register as lobbyists before the Commission. The order further imposes a lobbyist registration fee. The Commission has been collecting this fee for several years. The funds collected become part of the Commission's self-generated funds to be appropriated by the Legislature for the operations and activities of the Commission. Of concern is a recent 19th Judicial District Court ruling holding that a Commission imposed fee upon the railroads operating in this state was not authorized under the provisions of Article VII, Section 2.1 of the Louisiana Constitution.
You indicate that you have not been able to locate any law enacted by the Legislature authorizing the Commission to impose and collect a lobbyist registration fee. As such, you ask for our opinion as to whether the imposition of such a fee runs afoul of the provisions of Louisiana Constitution Article VII, Section 2.1. You further ask whether the Commission is authorized to charge such a fee, regardless of whether the fee violates Louisiana Constitution Article VII, Section 2.1. *Page 2 
Louisiana Constitution Article VII, Section 2.1 provides the following:
§ 2.1 Fees and Civil Fines; Limitation
Section 2.1.(A) Any new fee or civil fine or increase in an existing fee or civil fine imposed or assessed by the state or any board, department, or agency of the state shall require the enactment of a law by a two-thirds vote of the elected members of each house of the legislature.
(B) The provisions of this section shall not apply to any department which is constitutionally created and headed by an officer who is elected by majority vote of the electorate of the state.
Our office has interpreted or otherwise referenced the provisions of Article VII, Section 2.1 on a number of prior occasions. In general terms, we have opined that the term "fee", as referenced by Article VII, Section 2.1, are those fees which are directly connected to the governmental function for which a public entity has been charged with undertaking.
For example, in Attorney General Opinion No. 06-0293 we were asked under what circumstances may a University impose fees on its students without seeking the approval of the Louisiana Legislature. In our response we recognized that previous Attorney General Opinions have interpreted the term "fee" to mean a charge fixed by law for services of public officers. We went on to state:
Under such an interpretation, charges which are assessed by a governmental entity for the purpose of defraying the cost of providing a service would be considered a fee. Those fees or charges for non-governmental functions or services not in the control of the governmental entity at issue would be exempt from legislative review. Public universities in Louisiana are created for the purpose of providing higher education to the citizens of this state. This is a governmental function. Charges which are assessed for the provision of higher education should be considered fees for purposes of La.Const. art. 7, § 2.1.
However, those fees or charges for non-governmental functions and products which are not controlled by the governmental entity, should be exempt from legislative review. For example, charges assessed which specifically relate to the education of students would be considered a fee; however, charges for admission into extracurricular events would not be considered a fee. Thus, *Page 3 
whether a university must seek legislative approval before imposing a charge depends on the purpose of the charge.
A number of other Attorney General Opinions have followed this analysis. For example, in Attorney General Opinion No. 98-283 we opined that a right-of-use fee assessed by the Louisiana Department of Wildlife and Fisheries was not a charge assessed for the purpose of defraying the cost of a governmental service or regulating a particular activity under the control of the government. Rather, it was consideration paid the State for the right to use its property for seismic activities. As such, the charge was not a "fee" under Article VII, Section 2.1.
Following this analysis, Louisiana Constitution Article IV, Section 21 provides that the Commission was created for the purposes of regulating all common carriers and public utilities.See La.Const. art. IV, § 21. Accordingly, only those charges which are assessed for the regulation of common carriers and public utilities would be "fees" for the purposes of Article VII, Section 2.1.
A lobbyist registration charge does not appear to be a charge related to the regulation of common carriers and public utilities. As such, it is our opinion that such a charge would not be considered a "fee" under Article VII, Section 2.1 of the Louisiana Constitution. Accordingly, the imposition of such a charge would not be prohibited by Article VII, Section 2.1.
Notwithstanding, the question of whether the Commission has the authority to impose the lobbyist registration charge remains. In this regard, we note that Act 116 of the 2004 Regular Session amended and revised Title 49 of the Louisiana Revised Statutes to authorize the Louisiana Board of Ethics to regulate and register those persons who lobby before an executive branch agency and/or an executive branch official. La.Rev.Stat. 49:71 provides the following with respect to the purpose and intent behind the executive branch lobbying provisions:
§ 71. Purpose
The legislature declares that the operation of open and responsible government requires that the fullest opportunity be afforded to the people to petition their government for the redress of grievances and to express freely their opinions on actions of the executive branch. To preserve and maintain the integrity of executive branch action and state government, the legislature also declares it is necessary that the identity of persons who attempt to influence actions of the executive branch and certain expenditures by those persons be publicly disclosed. *Page 4 
La.Rev.Stat. 49:74 goes on to specifically require that all executive branch agency lobbyists register with the Louisiana Board of Ethics and further requires each lobbyist to pay a registration fee.[1]
Thus, it appears that the authority to regulate and register those persons who lobby before an executive branch agency, such as the Public Service Commission, resides with the Louisiana Board of Ethics. In our view, the imposition of a registration fee by a public entity that duplicates a statutorily authorized registration fee imposed by a different public entity is likely unlawful as an impermissible contravention of legislatively delegated authority. Thus, if the Commission's lobbyist registration charge simply duplicates the charge assessed by the Louisiana Board of Ethics and authorized by La.Rev.Stat. 49:74, it would likely be unlawful and should be discontinued.
With respect to a public entity's liability for assessing an unlawful charge or for raising revenue/public funds outside of its statutory authority, our review of Louisiana law fails to provide a clear indication of the type of penalty, if any, that may be assessed. Any such penalty would likely be assessed by a court of law based on arguments raised by individuals who were assessed the unlawful charge. Alternatively, this issue may fall within the purview of the Louisiana Legislative Auditor
We hope this information is useful and adequately responds to your concerns. If our office can be of further assistance, please do not hesitate to contact us.
Yours very truly, JAMES D. "BUDDY" CALDWELL ATTORNEY GENERAL BY: __________________________ MICHAEL J. VALLAN Assistant Attorney General JDC/MJV/crt
[1] Pursuant to La.Rev.Stat. 49:72, the Louisiana Public Service Commission is defined as an executive branch agency.